IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Derrick Velasquez,

Petitioner,

v.

Warden Livesay Correctional Institution,

Respondent.

Civil Action No. 2:21-cv-2742-BHH

**ORDER**

This matter is before the Court upon Petitioner Derrick Velasquez's ("Petitioner" or "Velasquez") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

On January 31, 2022, Magistrate Judge Mary Gordon Baker filed a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant Respondent's motion for summary judgment, dismiss this case with prejudice, and deny a certificate of appealability. After a review of Petitioner's objections to the Report, the Court adopts the Magistrate Judge's recommendation and grants Respondent's motion for summary judgment for the reasons set forth below.

**BACKGROUND**

The Magistrate Judge's Report sets forth the relevant factual and procedural background in detail, and Petitioner has not specifically objected to this portion of the Magistrate Judge's Report. Accordingly, the Court adopts the background and procedural history sections of the Report and repeats only what is necessary for purposes of this

order.

A Newberry County grand jury indicted Petitioner for trafficking in cocaine in June of 2015. On August 3, 2015, Petitioner, who was represented by public defender Charles Verner ("plea counsel") moved for a continuance of his trial. The trial court held the matter in abeyance while a jury was selected. The trial court also heard multiple suppression motions and denied all of them. The trial court ultimately denied the motion for a continuance, and the following morning, Petitioner pleaded guilty rather than proceeding to trial. After pleading guilty, Petitioner was sentenced to fifteen years on each of the trafficking convictions, to run concurrently.

Petitioner attempted to file a belated appeal, but the South Carolina Court of Appeals denied his appeal. Thereafter, on March 7, 2016, Petitioner filed an application for post-conviction relief ("PCR"), alleging ineffective assistance of counsel, due process violations, and equal protection violations. Petitioner subsequently amended his claims numerous times.

The PCR court held a hearing on June 6, 2017, at which Petitioner was represented by Wayne Floyd, Esq. ("PCR counsel"). In an order dated August 24, 2017, and filed on August 31, 2017, the PCR court rejected Petitioner's claims and denied his PCR application.

Petitioner appealed the PCR court's decision. On appeal, he was represented by Victor R. Seeger, an appellate defender with the South Carolina Commission on Indigent Defense. The following issue was raised in the petition for writ of certiorari:

> Whether counsel was ineffective for not stressing to the trial court that private counsel Littlejohn was Petitioner's Sixth Amendment attorney of choice, and that Littlejohn had agreed to represent Petitioner if the judge granted a

> continuance, since the trial court incorrectly reasoned that Petitioner was only attempting to delay his trial, and there is a reasonable likelihood the continuance would have been granted if properly argued?

(ECF No. 14-3 at 3.) The Supreme Court of South Carolina transferred the case to the court of appeals, and the petition for writ of certiorari was denied on February 3, 2021.

In August of 2021, Petitioner filed the instant habeas corpus petition raising the following grounds for relief, taken verbatim from his petition:

> GROUND ONE: Conflict of interest
>
> Supporting Facts: In a non-recorded hearing defense counsel advised the court that he would be representing my co-defendant. Additionally defense counsel sent a letter to the court indicating that he was aware of the conflict and assigned me a conflict free attorney. Later he reversed his position in attempts to assist my codefendant avoid prosecution which he successfully did.
>
> GROUND TWO: Ineffective Assistance of Counsel
>
> Supporting facts: Defense counsel was unable to obtain crime scene photos which would have exonerated me. Photos were produced 10 minutes before trial and the contents and pictures provided me with a viable defense. Counsel failed to obtain a continuance so I could hire conflict free counsel. Counsel told myself and the court that my charges carried life in prison which they do not. Counsel failed to obtain drug analysis. Counsel (sic)
>
> GROUND THREE: Due Process Violation
>
> Supporting facts: Court erred when it denied me a continuance citing my continuance as a delay tactic despite my case was called to trial in less than 90 days denying me equal protection under the law and insufficient time to challenge evidence against me. The Court abused its discretion without a justifiable reason.
>
> GROUND FOUR: Unlawful Search and Seizure
>
> Officers stated I gave them marijuana which gave them a right to search. I requested the production of the marijuana to challenge the stop. State provided photos of an officer inside a tow yard displaying marijuana and not at the scene of the stop. If officers seized marijuana at the scene it would be inside an evidence bag at the scene and not photograph[ed].

(ECF No. 1 at 5, 7, 8, and 10.)

On November 17, 2021, Respondent filed a motion for summary judgment to which Petitioner filed a response in opposition, and Respondent filed a reply. Thereafter, on January 31, 2022, the Magistrate Judge issued her Report analyzing Respondent's motion and recommending that the Court grant the motion and deny a certificate of appealability. Petitioner filed objections to the Report, and the matter is ripe for review.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II. Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

# DISCUSSION

## I. Habeas Corpus Relief

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that §

2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in controlling cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. A federal habeas court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08. Factual determinations made by the state "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## II. Exhaustion and Procedural Bar

Before a Petitioner can obtain relief under § 2254, he must first clear a series of procedural hurdles. For example, a state prisoner must exhaust his state court remedies by "present[ing] his claim to the state's highest court" before a federal court can grant relief on the merits of a claim.[1] *Mahdi v. Stirling*, 20 F.4th 846, 892 (4th Cir. 2021); *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Thus, "[t]he exhaustion doctrine bars a claim if it is raised for the first time in a federal habeas petition." *Mickens v. Taylor*, 240 F.3d 348,

---

[1] The exhaustion requirement exists to promote comity within our federal system. As the Supreme Court has explained:

> Because "it would be unseemly in our dual system of government for a federal district court to upstate a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant on the litigation, have had an opportunity to pass upon the matter."

*Rose v. Lundy*, 455 U.S. 509, 518 (1982) (quoting *Darr v. Burford*, 399 U.S. 200, 204 (1950)).

356 (4th Cir. 2001) (en banc); *see also Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

In other words, to exhaust a federal habeas corpus claim, a petitioner must "fairly present[ ] to the state court both the operative facts and the controlling legal principles associated with each claim." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (citation and internal quotation marks omitted). This means that a petition must present the claim to the state court "face-up and squarely." *Id.* Otherwise, the state will be deprived of its "opportunity to correct the constitutional violation in the first instance." *Id.* (internal quotation marks omitted).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default–often referred to as a procedural bar–one example of which occurs 'when a habeas petitioner fails to exhaust available state remedies and the court to which [he] would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Mahdi*, 20 F.4th at 892 (quoting *Breard*, 134 F.3d at 619) (internal quotation marks omitted). Another way procedural default occurs is when "a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for dismissal." *Breard*, 134 F.3d at 619.

Nevertheless, because the requirement of exhaustion is not jurisdictional, in very limited circumstances a federal court may consider claims that have not been presented to the highest South Carolina court with jurisdiction. *Granberry v. Greer,* 481 U.S. 129, 131 (1989). Specifically, a federal court may review a procedurally defaulted claim if the petitioner can demonstrate sufficient cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim

would result in a miscarriage of justice because the petitioner is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). "Cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999) (quoting *Murray*, 477 U.S. at 488). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Murray*, 477 U.S. at 495-96. Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he also must show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. A petitioner must show an actual and substantive disadvantage as a result of the error, not merely the possibility of harm.

As an alternative to demonstrating cause for failure to raise a claim, a petitioner may show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show that he is actually innocent. *See Murray*, 477 U.S. at 496 (holding that a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

## III. Petitioner's Claims

In her Report, the Magistrate Judge first explained that only one of Petitioner's

claims–whether plea counsel was ineffective for failing to convince the plea court to grant a continuance based on the fact that replacement counsel was ready to take over–was raised to and ruled on by the PCR court and then raised again on appeal from the PCR court's decision. Thus, the Magistrate Judge explained that all of Petitioner's other claims should be procedurally barred from review by this Court. Nevertheless, as the Magistrate Judge noted, Respondent failed to raise this affirmative defense and therefore waived the defense. Thus, the Magistrate Judge next considered the merits of all of Petitioner's claims. (*See* ECF No. 20 at 7-8.)

A. Ground One: Conflict of Interest

As a first ground for relief in his § 2254 petition, Petitioner alleges that plea counsel labored under a conflict of interest. After outlining Petitioner's claim and the relevant facts, the Magistrate Judge set forth the PCR court's findings on this issue. Specifically, as the Magistrate Judge noted, the PCR court rejected this claim by explaining:

> Applicant has failed to prove that Applicant [sic] was ineffective for having an ethical conflict in the representation of Applicant's co-defendant. Counsel's testimony indicates that he did not "actively represent" Applicant's co-defendant, rather he was still in the process of evaluating the case and the conflicts in the case in order to determine his representation and did not fully enter into representation of Applicant's co-defendant. *Langford v. State*, 310 S.C. 357 (1993). The Applicant has failed to prove an actual conflict of interest that adversely affected his representation prior to the plea.

(ECF No. 20 at 9-10 (quoting ECF No. 14-1 at 297).)

The Magistrate Judge explained that factual findings made by the PCR court, such as the PCR court's finding in this case that plea counsel did not labor under an actual conflict of interest, are presumed to be correct, and that a habeas petitioner must rebut the presumption of correctness by clear and convincing evidence. Ultimately, the Magistrate

Judge found that Petitioner failed to meet his burden because he failed to point to any evidence to show that plea counsel's loyalties were divided. Furthermore, the Magistrate Judge found that Petitioner failed to demonstrate that the PCR court's decision on this issue was contrary to, or reflects an unreasonable application of, federal law. As such, the Magistrate Judge found that Respondent is entitled to summary judgment on this ground.

In his objections to the Report, Petitioner merely reiterates his claim that plea counsel labored under a conflict of interest, asserting that: (1) plea counsel informed the court at an unrecorded hearing that he was going to represent Petitioner's co-defendant; (2) plea counsel was present at Petitioner's bond hearing, where Petitioner told plea counsel that he did not need his services because he retained other counsel; and (3) plea counsel acknowledged a conflict in a letter. (ECF No. 22 at 3-4.) Petitioner also asserts that "the PCR court erred in its decision finding no fault with the conflict of interest." (*Id.* at 5.)

After review, the Court finds no merit to Petitioner's objection. Stated plainly, Petitioner does not offer any evidence or cite to any portion of the record to support his arguments. More importantly perhaps, nowhere does Petitoiner refute the applicable law analyzed by the Magistrate Judge. As the Magistrate Judge explained, to succeed on this claim, Petitioner must show that the PCR court's determination that Petitioner failed to prove an actual conflict of interest is contrary to, or involves an unreasonable application of clearly established federal law, or that it is based on an unreasonable determination of the facts in the light of the evidence presented at the hearing. (*See* ECF No. 20 at 10.) The PCR court based its findings, in part, on plea counsel's testimony at the PCR hearing that he never "actively represented" Petitioner's co-defendant, and the Court agrees with

the Magistrate Judge that the PCR court's reliance on this evidence is entitled to deference because Petitioner has not pointed to any clear and convincing evidence to the contrary. Furthermore, the Court agrees with the Magistrate Judge that Petitioner has not shown that the PCR court unreasonably applied the law when it found that Petitioner failed to show that plea counsel actively represented competing interests. In summary, the Court finds no merit to Petitioner's objection as to the Magistrate Judge's analysis of ground one, and the Court agrees with the Magistrate Judge that Respondent is entitled to summary judgment on this ground.

B. Ground Two: Ineffective Assistance of Counsel

As a second ground for relief in his § 2254 petition, Petitioner alleges that plea counsel gave ineffective assistance by: (1) failing to obtain crime scene photos that would have exonerated him; (2) failing to obtain a continuance so Petitioner could hire conflict-free counsel; (3) incorrectly informing both him and the court that the charges carried life in prison; and (4) failing to obtain drug analysis. (*See* ECF No. 1 at 7.)

In her Report, the Magistrate Judge first outlined the applicable law and then addressed the merits of each of Petitioner's claims in turn. As the Magistrate Judge explained, the Sixth Amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense," and that such assistance be effective. U.S. Const. Amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Id.* at 687-98. The first part of the test, a court's evaluation of counsel's performance, must be "highly deferential" under this standard, so as not to

"second-guess" the performance. *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Fields v. Attorney Gen. of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985). To establish prejudice and thereby fulfill the second prong of the ineffective assistance test, the challenging defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694-95. In the guilty plea context, a petitioner must show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

1. Crime scene photos

As to Petitioner's claim that plea counsel was ineffective for failing to obtain crime scene photographs, the Magistrate Judge noted that the record indicates that plea counsel had just received photographs from the state the day Petitioner's case was called to trial. Next, the Magistrate Judge set forth plea counsel's description of the photographs at issue and explained the content of plea counsel's testimony before the PCR court. After explaining that the PCR court did not specifically consider this claim, the Magistrate Judge noted that the PCR court *did* consider whether plea counsel was ineffective for failing to investigate, plan, and prepare a defense strategy. The Magistrate Judge ultimately found that the PCR court's findings on that issue were entitled to deference. And to the extent Petitioner presents a new claim here, the Magistrate Judge found that Petitioner is not

entitled to relief because he has not met his burden to show that plea counsel was deficient or that any deficiency in this regard somehow prejudiced him.

In his objections, Petitioner argues that plea counsel's failure to obtain the crime scene photographs "gave the Solicitor's office an unfair advantage in obtaining a conviction based on assumptions and presumptions which this case is rife with." (ECF No. 22 at 6.) Petitioner further argues that plea counsel was complicit with the Solicitor's office. After review, however, the Court finds that Petitioner's objection amounts to nothing more than conclusory, unsupported allegations. As the Magistrate Judge correctly noted, nowhere does Petitioner explain the nature of the photographs or how they would have exonerated him. Thus, the Court agrees with the Magistrate Judge that Petitioner has utterly failed to demonstrate how he is entitled to relief on this ground. In short, Petitioner has not met his burden as to his claim that plea counsel was ineffective for failing to obtain crime scene photographs.

2. Motion for Continuance

Next, as to Petitioner's claim that plea counsel was ineffective for failing to have the trial continued, the Magistrate Judge first explained that this ground was raised to and ruled upon by the PCR court and was subsequently raised on appeal of the PCR court's decision. Next, the Magistrate Judge thoroughly outlined the PCR court's evaluation of this claim.

As the Magistrate Judge explained, the PCR court found that Petitioner failed to demonstrate deficient performance on the part of plea counsel, and the PCR court noted that plea counsel did move for a continuance based on the newness of the case and Petitioner's desire to hire counsel. The PCR court also determined that the trial court

denied the motion for continuance in its discretion, and plea counsel could not control the court's decision. (ECF No. 20 at 16 (citing ECF No. 14-1 at 295.)

After reviewing the PCR court's findings on this claim, the Magistrate Judge found that Petitioner failed to show that the PCR court relied upon unreasonable factual findings or unreasonably applied federal law in denying Petitioner's claim. The Magistrate Judge also found no merit to Petitioner's argument that plea counsel should have admitted that he was not prepared and not knowledgeable of the relevant case law regarding traffic stops. The Magistrate Judge explained that plea counsel did argue that the checkpoint violated Petitioner's constitutional rights, but the trial court found that the state had proven that the checkpoint at issue was constitutional. Thus, the Magistrate Judge found that Petitioner's "argument that plea counsel should have sought a continuance based on his unpreparedness to challenge the traffic stop is unavailing in view of the record, which shows he presented ample argument to the court based on state and federal law that the checkpoint violated Velasquez's constitutional rights." (ECF No. 20 at 17.)

In his objections, Petitioner repeats his argument that a continuance was necessary to protect his right to examine the evidence, which would have provided equal protection and guaranteed protection of his right to obtain private counsel of his choice. (ECF No. 22 at 7.) Petitioner further asserts that plea counsel was ineffective for failing to remind the trial court of Petitioner's Sixth Amendment right and that plea counsel argued on behalf of the Solicitor's office, which should have signaled to the trial court that hearings needed to be continued. (*Id.* at 8.)

After a careful review of the record, the Court finds no merit to Petitioner's objection. Petitioner merely repeats his claim that plea counsel was ineffective for failing to obtain a

continuance, and he offers no factual or legal basis to demonstrate that the PCR court's findings on this issue were based on unreasonable factual findings or an unreasonable application of the law. As the PCR court noted, plea counsel *did* move for a continuance, and he raised numerous arguments in support of that motion, but the trial court ultimately denied counsel's motion, which was a decision in the discretion of the trial court and beyond counsel's control. The Court ultimately agrees with the Magistrate Judge that Petitioner has not shown deficient performance on the part of plea counsel with respect to this issue, or any resulting prejudice therefrom.

3. Potential Sentence

As to Petitioner's third claim of ineffective assistance–that counsel offered inaccurate advice regarding the potential sentence that Petitioner faced–the Magistrate Judge outlined the evidence of record, noting that plea counsel told the court at the start of trial that Petitioner was facing a potential 30-year sentence if he was convicted of trafficking. Additionally, the Magistrate Judge outlined plea counsel's statement that he was concerned that Petitioner was facing "basically a life in prison type drug charge, that is a mandatory 30," and the Magistrate Judge outlined Petitioner's testimony at the PCR hearing, where Petitioner explained that the thought of a life sentence prompted him to plead guilty.

The Magistrate Judge noted that this claim was not presented to or ruled on by the PCR court; thus, there is no state court decision for this Court to consider. However, the Magistrate Judge found that a plain reading of the record demonstrates that Petitioner, plea counsel, and the trial court were all aware of the potential sentence Petitioner faced prior to pleading guilty. The Magistrate Judge ultimately found that plea counsel characterized the potential sentence as "basically a life in prison type drug charge" in an effort to convince

the trial court to grant a continuance, and the Magistrate Judge concluded that plea counsel did not give ineffective assistance when making this statement because the record shows that all parties understood the specific sentence Petitioner faced prior to pleading guilty.

Petitioner has not specifically objected to this portion of the Magistrate Judge's Report, and the Court finds no clear error in the Magistrate Judge's analysis. As the Magistrate Judge properly determined, Petitioner has not demonstrated ineffective assistance of counsel on this issue because the record indicates that all parties understood the actual sentence Petitioner faced prior to pleading guilty.

4. Field Drug Analysis

As to Petitioner's final allegation of ineffective assistance of counsel–that plea counsel failed to obtain drug analysis, the Magistrate Judge outlined the PCR court's evaluation of a similar issue. The Magistrate Judge explained that during the PCR hearing, plea counsel indicated that he never asked for or received field drug test results to confirm that the substance found in the car was marijuana. The PCR court did not find plea counsel ineffective for failing to obtain the results of the field drug test kit, explaining that counsel had a copy of the subsequent formal laboratory analysis of the drugs, which confirmed their makeup, and relying on plea counsel's testimony that he would have challenged the drug evidence at trial and would have objected to the introduction of the drugs at trial without the state producing evidence from the South Carolina Law Enforcement Division analyst. (*See* ECF No. 20 at 19 (quoting ECF No. 14-1 at 294).)

The Magistrate Judge found that the PCR court's findings were entitled to deference and that Petitioner failed to articulate any arguments as to how the PCR court's findings

resulted from unreasonable factual findings or were based on an unreasonable application of federal law.

In his objections, Petitioner asserts that he could not challenge the lab analysis because it was not provided, and "defense counsel knowing he had no factual analysis highlights his unpreparedness and a primary reason to argue for a continuance." (ECF No. 22 at 8-9.) Petitioner asserts that the PCR court was complicit in his "irregular" proceedings and that the PCR court committed an irreversible error by defending plea counsel. Additionally, Petitioner seemingly objects to the fact that PCR counsel never obtained a copy of the laboratory results until the time of the PCR hearing. In all, Petitioner argues that there was a dispute in the evidence, and Petitioner contends that the field drug analysis was crucial to dispute the arresting officer's testimony that Petitioner handed him marijuana. (*Id.* at 10.)

After review, the Court finds no merit to the Petitioner's objection. While Petitioner argues that he was the victim of systemic and extreme prejudice and injustice, he fails to support his arguments with any factual or legal support, and his unsubstantiated allegations fail to indicate how the PCR court's determination that plea counsel was not ineffective for failing to get the results of a field test kit–where plea counsel had a copy of the higher quality laboratory tests that identified the drug as marijuana–was based on an unreasonable determination of the facts or an unreasonable application of the law. Accordingly, the Court agrees with the Magistrate Judge that Petitioner has failed to meet his burden under § 2254 with respect to any of his claims of ineffective assistance of counsel.

C. Ground Three: Due Process Violation

As his next ground for relief, Petitioner asserts that the plea court violated his due process rights by denying his motion for continuance, and Petitioner argues that requiring him to go to trial less than 90 days after his arrest violated his equal protection rights.

In her Report, the Magistrate Judge explained that the PCR court denied these same grounds for relief because Petitioner waived them under applicable state law by pleading guilty rather than proceeding to trial. Thus, the Magistrate Judge explained that this Court cannot review ground three because the state court denied it on an independent and adequate state ground.

Petitioner has not specifically objected to the Magistrate Judge's findings and recommendations as to ground three. After review, the Court finds no clear error and agrees with the Magistrate Judge that because the PCR court rejected Petitioner's due process and equal protection claims on the basis of an independent and adequate state ground, Respondent is entitled to summary judgment on ground three.

D. Ground Four: Unlawful Search and Seizure

As his final ground for relief in his § 2254 petition, Petitioner claims he was subject to an unlawful search and seizure regarding the marijuana found in the vehicle. The Magistrate Judge found this ground barred from review because Petitioner had a full pretrial hearing where plea counsel moved to have this evidence suppressed, and Petitioner could have proceeded to trial but chose to plead guilty. As the Magistrate Judge explained, the United States Supreme Court has held that "where the State has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas relief on the ground that evidence obtained in an unconstitutional

search was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976).

As with ground three, Petitioner has not specifically objected to the Magistrate Judge's analysis of ground four. After review, the Court finds no clear error and agrees with the Magistrate Judge that the *Stone* doctrine bars this ground from review. Accordingly, the Court finds that Respondent is entitled to summary judgment on ground four.

**IV. Certificate of Appealability**

Finally, with respect to a certificate of appealability, the governing law provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

In her Report, the Magistrate Judge found no reason to grant a certificate of appealability, and Petitioner has not specifically objected to the Magistrate Judge's conclusion. After review, the Court agrees with the Magistrate Judge and finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the Court denies a certificate of appealability.

**CONCLUSION**

Based on the foregoing, the Court adopts the Magistrate Judge's Report (ECF No. 20) in full and specifically incorporates it in this order; the Court overrules Petitioner's

objections (ECF No. 22); the Court grants Respondent's motion for summary judgment (ECF No. 15) and dismisses this case with prejudice; and the Court denies a certificate of appealability.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 31, 2022
Charleston, South Carolina